IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT DAVID DUNN, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-12-722-F |
| ) | |
| STATE OF OKLAHOMA and ) | |
| JANET DOWLING, Acting Warden, ) | |
| ) | |
|     Respondents. ) | |

**REPORT AND RECOMMENDATION**

Robert David Dunn is a state prisoner who seeks habeas relief based on improper administration of his sentences. He didn't file an administrative grievance, and the Respondents argue that he had to do so before he could seek habeas relief. The Court faces a threshold issue: Did Mr. Dunn have an available state administrative remedy when he began the present action?

The answer is *yes* and the Court should grant summary judgment to the Respondents for failure to exhaust state administrative remedies.

I.    Summary Judgment Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Because nonexhaustion is an affirmative defense, the Respondents bear the burden of

---

[1] Fed. R. Civ. P. 56(a).

persuasion[2] and "must demonstrate that no disputed material fact exists."[3] If the Respondents carry their burden, the Petitioner would need to "demonstrate with specificity the existence of a disputed material fact."[4]

II.     Exhaustion of State Administrative Remedies

Under federal common law, a prisoner must ordinarily exhaust state administrative remedies before he can seek habeas relief.[5] The Respondents present evidence that:

- Mr. Dunn had an available administrative remedy through the filing of a grievance (and an appeal if the grievance were denied)[6] and

- he has never filed a grievance regarding administration of his sentences.[7]

The Petitioner argues that "[t]here is no grievance process to override the Nunc Pro Tunc."[8] But Mr. Dunn is not seeking to override the *nunc pro tunc* order. Instead, he is

---

[2] *See Jones v. Bock*, 549 U.S. 199, 216-18 (2007) (stating that in a civil suit under the Prison Litigation Reform Act, the moving party bears the burden to prove an inmate's failure to exhaust administrative remedies).

[3] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[4] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[5] *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (providing that exhaustion of state administrative remedies is ordinarily required in habeas actions brought under 28 U.S.C. § 2241).

[6] Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, Exh. 6 (affidavit of Debbie L. Morton) (Aug. 8, 2012).

[7] Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, Exh. 6 (affidavit of Debbie L. Morton) (Aug. 8, 2012).

[8] Objection to State's Response and Recommendation at p. 2 (Aug. 20, 2012).

trying to force prison officials to administer the sentences according to that document.[9]  Thus, the Petitioner's argument does not provide a logical reason to question the availability of the grievance process.

The Respondents have demonstrated a failure to exhaust available administrative remedies.  As a result, the Respondents are entitled to summary judgment.

III.    Exhaustion of State Judicial Remedies

The Respondents alternatively argue that the Petitioner has not exhausted state judicial remedies.  Because he hasn't exhausted administrative remedies, however, the Court need not address the Respondents' alternative argument.

IV.    Notice of the Right to Object

The parties can object to the present report.  Any such objection must be filed with the Clerk of this Court by October 26, 2012.[10]  The failure to timely object could prevent appellate review of the proposed ruling.[11]

V.    Status of the Referral

The referral is discharged.

Entered this 9th day of October, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[9]   Motion for Writ of Habeas Corpus at p. 4 (June 26, 2012).

[10]  *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[11]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).